# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1)PEYTON BALLARD, INDIVIDUALLY,<br>AND ON BEHALF OF<br>THOSE SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>(1) STATE OF OKLAHOMA, EX REL.,<br>ADMINISTRATIVE OFFICE OF THE<br>COURTS;<br>(2) MIKE BORING, IN HIS OFFICIAL<br>CAPACITY AS DISTRICT ATTORNEY<br>FOR BEAVER COUNTY;<br>(3) EMILY REDMAN, IN HER OFFICIAL<br>CAPACITY AS DISTRICT ATTORNEY<br>FOR BRYAN COUNTY;<br>(4) MICHAEL FIELDS, IN HIS OFFICIAL<br>CAPACITY AS DISTRICT ATTORNEY<br>FOR CANADIAN AND GARFIELD<br> COUNTIES;<br>(5) MARK MATLOFF, IN HIS OFFICIAL<br>CAPACITY AS DISTRICT ATTORNEY<br>FOR CHOCTAW COUNTY;<br>(6) JEFF SMITH, IN HIS OFFICIAL<br>CAPACITY AS DISTRICT ATTORNEY<br>FOR LATIMER AND LEFLORE<br>COUNTIES;<br>(7) LAURA THOMAS, IN HER OFFICIAL<br>CAPACITY AS DISTRICT ATTORNEY<br>FOR LOGAN AND PAYNE<br>COUNTIES;<br>(8) MATT BALLARD, IN HIS OFFICIAL<br>CAPACITY AS DISTRICT ATTORNEY<br>FOR ROGERS COUNTY;<br>(9) STEVE KUNZWEILER, IN HIS<br>OFFICIAL CAPACITY AS DISTRICT<br>ATTORNEY FOR TULSA COUNTY;<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.  CIV-16-66-R |

## COMPLAINT

Plaintiff, Peyton Ballard, on behalf of herself and all others similarly situated, for her allegations and claims against Defendants, states as follows:

## PARTIES

1.      Peyton Ballard (hereinafter "Plaintiff") is an individual citizen of the State of Oklahoma and is a resident of Payne County, Oklahoma.

2.      Plaintiff appears in this action on behalf of herself and as proposed class representative on behalf of all those that are similarly situated. Plaintiff is a proper party plaintiff in this cause.

3.      Defendant, State of Oklahoma, ex rel., Administrative Office of Courts (hereinafter "Oklahoma"), is an administrative office over the courts in Oklahoma as provided by Okla. Const. art 7 § 6.

4.      Defendants Mike Boring, Emily Redman, Michael Fields, Mark Matloff, Jeff Smith, Laura Thomas, Matt Ballard and Steve Kunzweiler, (hereinafter "Disclosing County DAs") are the District Attorneys for Beaver, Bryan, Canadian, Choctaw, Garfield, Latimer, Le Flore, Logan, Payne, Rogers and Tulsa Counties and are, in their official capacities, responsible of any court filings made by attorneys and staff in their respective offices.

## JURISDICTION AND VENUE

5.      The Court has jurisdiction over this action under 28 U.S.C. § 1331 because this action arises under the Driver's Privacy Protection Act, 18 U.S.C. §§ 2721-25.

6.      Venue is proper under 28 U.S.C § 1391because the cause of action, or a substantial portion of it, arose in Payne County, within the Western District of Oklahoma and because all defendants reside in Oklahoma, with some of the defendants residing within the Western District of Oklahoma.

## CLASS DEFINITIONS AND ALLEGATIONS

7.      Plaintiff brings the claims alleged herein as a class action pursuant to Fed. R. Civ. Proc. 23(b)(2) and (3) and seeks certification of one proposed class, subject to the right to seek certification of a modified class or sub-classes.

8.      Plaintiff seeks to certify one class, defined as:

Plaintiff Peyton Ballard, on behalf of herself and all residents and citizens of the United States, other than those excluded below, who on or after February 1, 2012, had their complete dates of birth and complete social security numbers disclosed by Defendants.

The following persons are excluded from the class: all government entities, bodies and agencies of any character, federal, state, or local, and their employees (in that capacity only); the presiding judge(s) and other court personnel; the named defendants and their employees.

9.      If the facts and position of Defendants warrant, appropriate sub classes may be created or these classes may be narrowed or expanded. The precise definition of any

class may need to be modified by amendment or pursuant to the Court's inherent power to modify class and subclass definitions under Fed. R. Civ. Proc. 23(c).

10.   The class includes persons entitled to the relief sought by this Complaint.

11.   The class does not seek claims for consequential damages.

12.   The proposed class is properly maintainable in this action because the prerequisites of Fed. R. Civ. Proc. 23(a) have been met, specifically:

    A.   Joinder of all class members is impractible;

    B.   Common questions of law and fact exist as to all class members as further supported herein;

    C.   Claims and defenses of Plaintiff are typical of the claims and defenses of the class as further supported herein;

    D.   Plaintiff is an adequate representative as her claims do not conflict with the interest of the class and because her counsel is both skilled and experienced in class actions and complex litigation.

13.   Further, the requirements of Fed. R. Civ. Proc. 23(b) have been met for the following reasons:

    A.   The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications, with respect to individual members of the class, which would establish incompatible standards of conduct for the party opposing the class;

B.      Defendants have acted, or refused to act on grounds generally applicable to the class, rendering final injunctive relief to the class as a whole, appropriate;

C.      As will be addressed more specifically in Plaintiff's Complaint, below, and in the motion to certify the class; because of the nature and method of the disclosure of Personal Information, *inter alia*, questions of law and fact common to members of the class predominate over any questions affecting only individual members. A class action is superior to other available methods of adjudication of this controversy.

## COMMON FACTUAL ALLEGATIONS

14.     Oklahoma operates a web site www.oscn.net identified by Oklahoma as Oklahoma Supreme Court Network (the "Website").

15.     On the Website, the general public has access to documents filed in cases in Adair, Atoka, Beaver, Bryan, Canadian, Choctaw, Cleveland, Coal, Comanche, Ellis, Garfield, Haskell, Latimer, LeFlore, Lincoln, Logan, McCurtain, Noble, Oklahoma, Payne, Pottawatomie, Pushmataha, Roger Mills, Rogers and Tulsa Counties.

16.     Disclosing County DAs file documents of record that contain complete dates of birth and social security numbers ("Personal Information") of putative class members.  The District Attorneys of Adair, Atoka, Cherokee, Cleveland, Coal, Comanche, Ellis, Haskell, Lincoln, McCurtain, Noble, Nowata, Okfuskee, Oklahoma, Okmulgee, Pittsburg, Pottawatomie, Pushmataha, Roger Mills, and Wagoner Counties

either disclose no Personal Information or disclose only the dates of birth and last four digits of social security numbers.

17.     The Disclosing County DAs obtain the Personal Information directly from the  records of the Oklahoma Department of Public Safety or indirectly from law enforcement officers.

18.     The documents containing Personal Information filed by the Disclosing County DAs are knowingly disclosed to the general public by said filing and by Oklahoma through the Website in violation of the Driver's Privacy Protection Action (the "Act" or the "DPPA") 18 U.S.C. §§ 2721-25.

19.     The disclosure by the Disclosing DAs and Oklahoma is not a permitted disclosure under the Act.

20.     Plaintiff's Personal Information was included on one or more documents filed of record by the District Attorney of Payne County with the District Court of Payne County in a misdemeanor action against Plaintiff.  (Amended Information, attached as Exhbit1). (This Exhibit has been redacted to comply with Fed. R. Civ. Proc. 5.2). This Personal Information was obtained from the Stillwater Police Department.  According to the Probable Cause Affidavit filed with the Payne County Court Clerk, the Stillwater Police Department obtained the Personal Information from the records of the Oklahoma Department of Public Safety using the Oklahoma Law Enforcement Telecommunications System (OLETS).

21.     Plaintiff's Personal Information was disclosed by Oklahoma through the Website.

22.     Plaintiff is a college student in good academic standing with no other criminal record.  The misdemeanor charges against Plaintiff arose out of an incident where Plaintiff's boyfriend secreted a small amount of marijuana in her purse.

23.     The Website is a recent and growing compilation of data, capable of being accessed and searched from anywhere in the world.

24.     The disclosure of Personal Information described herein is particularly harmful to Plaintiff and members of the putative class because the Personal Information is aggregated with the full name and address: all the information necessary to steal an identity.

25.     The disclosure of Personal Information described herein is a matter of personal and national security because the Website is available worldwide, such that it is a potential source of false identities for terrorists, criminals, or others seeking to infiltrate or do harm to the United States and its allies.

26.     Plaintiff and the proposed class do not seek to recover any consequential damages as the result of the disclosure of their Personal Information.

27.     On her own behalf and on behalf of the putative class in this cause, Plaintiff states that she has satisfied all conditions precedent, if any, for bringing and maintaining this suit.

## FIRST CAUSE OF ACTION
### (Injunctive Relief)

28.     Plaintiff on behalf of herself and all others similarly situated, re-alleges, as if fully set forth, each and every allegation contained in paragraphs 1 to 27 above.

29.     Oklahoma and Disclosing DAs have disclosed and are disclosing Personal Information in violation of the DPPA through court filings and the Website.

30.     Plaintiff will suffer irreparable harm if Personal Information remains available to the general public on the Website

31.     Defendants will suffer no harm if the Court enjoins Defendants from improperly disclosing Personal Information.

32.     The public interest will be served by an injunction preventing the improper disclosure of Personal Information.

33.     Accordingly, Plaintiff and the class seek an injunction that: [1] Requires Defendants to remove all Personal Information from court filings and the Website; [2] Prevents Defendants from disclosing Personal Information in court filings or on the Website; and [3] such other relief related to any of the foregoing or as may be required to make the relief effective and complete.

34.     In addition to injunctive relief, Plaintiff also seeks litigation costs, attorney fees, and such other remedies to which Plaintiff and the class are entitled.

**ALTERNATIVE SECOND CAUSE OF ACTION**
**(Statutory Liquidated Damages)**

35.     Plaintiff on behalf of herself and all others similarly situated, re-alleges, as if fully set forth, each and every allegation contained in paragraphs 1 to 34 above.

36.     Oklahoma and Disclosing DAs have disclosed Personal Information in violation of the DPPA through court filings and the Website.

37.     Oklahoma and Disclosing DAs are liable for liquidated damages in the amount of $2,500 for each violation of the Act.

38.     Alternatively and cumulatively with Plaintiff's first cause of action for injunctive relief, Plaintiff and the class seek liquidated damages in the amount of $2,500 for each violation of the Act.

39.     In addition to statutory liquidated damages, Plaintiff also seeks litigation costs, attorney fees, and such other remedies to which Plaintiff and the class are entitled.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, alternatively prays for judgment against Defendants as follows:

1. For an order certifying the classes and any appropriate subclasses thereof under Fed. R.Civ. Proc. 23, and appointing Plaintiff and her counsel to represent the class;

2. For an order requiring Oklahoma to be financially responsible for notifying all class members;

3. For all relief as pleaded above;

4. For attorneys' fees under applicable law;

5. For all litigation costs of these proceedings; and

6. For all preliminary and equitable or other relief the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Respectfully submitted,


By:   s/Harris A. Phillips
      Harris A. Phillips, OBA No. 14134
      NIEMEYER, ALEXANDER
      & PHILLIPS, P.C.
      Three Hundred North Walker
      Oklahoma City, OK  73102-1800
      Telephone:  (405) 232-2725
      Facsimile:   (405) 239-7185
      *harrisphillips@niemeyerfirm.com*

                  *AND*


      John A. L. Campbell, OBA No. 17590
      Russell M. Jacobson, Jr. OBA No. 14755
      Jill Walker-Abdoveis OBA No. 21857
      ASTON, MATHIS, JACOBSON,
      CAMPBELL & TIGER, PLLC
      2642 East 21st Street, Suite 250
      Tulsa, OK  74114
      918-949-9966 (telephone)
      918-949-9968 (facsimile)
      jcampbell@amlawok.com