IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PEYTON BALLARD, Individually and On behalf of Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIV-16-66-R |
| STATE OF OKLAHOMA, *ex rel.*, THE ADMINSTRATIVE OFFICE OF THE COURTS, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. No. 11), filed by Defendants Boring, Redman, Fields, Matloff, Smith, Thomas, Ballard and Kunzweiler ("the District Attorney Defendants"). Plaintiff responded in opposition to the motion. Having considered the parties' submissions, the Court finds as follows.

Plaintiff filed this action, on behalf of herself and others who are similarly situated, pursuant to the Driver's Privacy Protection Act, 18 U.S.C. §§ 2721–2725, which regulates the disclosure of personal information contained in the records of state motor-vehicle departments. The Act restricts the ability of a state department of motor vehicles to disclose certain personal information contained in motor vehicle records. Authorized recipients are also restricted in their ability to re-disclose information obtained from properly obtained records. 18 U.S.C. § 2721. The DPPA defines "personal information" as any information "that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5–digit zip code), telephone number, and medical or disability information,"

but not including "information on vehicular accidents, driving violations, and driver's status." § 2725(3). The DPPA establishes criminal fines and a private cause of action for its violation. 18 U.S.C. §§ 2723, 2724. The Act identifies fourteen permitted uses of personal information obtained from motor-vehicle records. *Id*. § 2721(b). With regard to social security numbers, which are considered "highly restricted personal information," there are but four enumerated exceptions. 21 U.S.C. § § 2721(a)(2); 2725(5).

Plaintiff alleges that the DA Defendants file documents in court files, which are subsequently placed online and publicly available, which documents contain personal information obtained from the Oklahoma Department of Public Safety or from law enforcement officers. She contends that "[t]he disclosure by the Disclosing DAs and Oklahoma is not a permitted disclosure under the Act." Complaint, ¶ 19. Specifically with regard to the named Plaintiff, Peyton Ballard, the Complaint alleges that her "Personal Information was included on one or more documents filed of record by the District Attorney of Payne County with the District Court of Payne County in a misdemeanor action against Plaintiff." Complaint ¶20. The information was allegedly obtained by the District Attorney of Payne County from the Stillwater Police Department, which had obtained the information from records of the Oklahoma Department of Public Safety, via the Oklahoma Law Enforcement Telecommunications System. *Id.* Plaintiff seeks, on behalf of herself and the class, injunctive relief and statutory liquidated damages.

The District Attorney Defendants, who are sued solely in their official capacities, seek dismissal of Plaintiff's claims for damages based on the State's immunity from suit in federal court. In response Plaintiff argues that the District Attorney Defendants are not arms of the State entitled to immunity from suit in federal court, but rather are county officials. As noted by

Defendants in their Reply brief, it is well established in the Tenth Circuit that under Oklahoma law, "the district attorney is an arm of the state." *Laidley v. McClain,* 914 F.2d 1386, 1391–92 (10th Cir.1990)*; see also Arnold v. McClain,* 926 F.2d 963, 965–66 (10th Cir.1991) (reaffirming the principle that in Oklahoma, a district attorney is considered a state official). Accordingly, the claim against the District Attorney Defendants for statutory liquidated damages is subject to dismissal with prejudice.

The District Attorney Defendants argue with regard to Plaintiff's claim for injunctive relief that the Complaint fails to state a claim for which relief can be granted. Defendants contend Plaintiff has failed to state a valid claim under the DPPA, because the allegations in the Complaint, if accepted as true, establish that the information was being used for a permissible purpose as defined by the statute. Plaintiff responds by requesting discovery on this issue and arguing "[i]f the aggregating of all personal information was necessary and used in connection with criminal prosecutions, then presumably all criminal prosecutions would require such a disclosure." Doc. No. 11, p. 4.

The Court concurs with Defendant, that accepting Plaintiff's allegations as true, she has not stated a violation of the DPAA. Social security numbers are subject to disclosure as permitted in four subsections of 21 U.S.C. §§ 2721(b), only two of which, (1) and (4), are potentially applicable herein. Section 2721(b)(1) permits disclosure "for use by any government agency, including any court or law enforcement agency, in carrying out its functions." Section 2721(b)(4) permits disclosure "[f]or use in connection with any civil, criminal, administrative, or arbitral proceeding in any Federal, State or local court or agency before any self-regulatory body, including the service of process, investigation in anticipation of litigation, and the execution or enforcement of judgments and orders, or pursuant to an order of a Federal, State or local court."

3

Although Plaintiff would have the Court read a "necessity" requirement into the statute, there is no such requirement, as noted by the court in *Senne v. Village of Palatine, Illinois*, 695 F.3d 597, 606 n 12 (7th Cir. 2012), "[w]e pause to emphasize that we do not read 'use' to mean 'necessary use,' nor do we require the Village to adopt some form of 'best practices' not commanded by statute." Although the *Senne* court overturned the granting of a motion to dismiss, the undersigned finds this case distinguishable, and further disagrees with the majority in *Senne*, finding the dissent of Judge Posner more persuasive. Regardless, there can be no legitimate debate based on the factual allegations herein that the information was contained in pleadings filed with the Court for use in criminal litigation or that a government agency, the District Attorneys' offices used the disclosures in carrying out their functions. Plaintiff's contention that other offices do not make the same disclosures does not render the actions about which she complains violative of the DPPA.

Having considered the parties' submissions, the Court hereby GRANTS the Motion to Dismiss (Doc. No. 10) filed by Defendants Boring, Redman, Fields, Matloff, Smith, Thomas, Ballard, and Kunzweiler. The Court denies Plaintiff's request for leave to amend, as amendment would be futile.

**IT IS SO ORDERED** this 6th day of May, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE